# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEWS INTERNATIONAL CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RICHARD BELCOURT and TRIDENT )<br>RECYCLING AND REFINING LLC )<br>D/B/A TRIDENT RECYCLING, )<br>REFINING & REFRACTORY REPAIR, )<br>LLC, )<br>)<br>Defendants. ) | No. 2:23-cv-00704-WSS |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
DIRECTED TO RICHARD BELCOURT**

Matthews International Corporation ("Matthews"), by and through its undersigned counsel, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby propounds Plaintiff's First Set of Interrogatories to Richard Belcourt. Plaintiff requests that Richard Belcourt answer the same in the manner prescribed by the Federal Rules of Civil Procedure, and within the time permitted by those Rules or any Order of Court expediting discovery in this matter.

**DEFINITIONS**

A. "**You**," "**your**," and "**Belcourt**" shall refer to Defendant Richard Belcourt and any person or entity acting or purporting to act at his request, on his behalf, or under his direction or control.

B. "**Trident**" shall refer to Defendant Trident Recycling and Refining LLC d/b/a Trident Recycling, Refining, & Refractory Repair, LLC and any person, agent, or entity acting, or purporting to act, on its behalf.

C. "**Matthews**" shall refer to Plaintiff Matthews International Corporation, and any person, agent or entity acting, or purporting to act, on its behalf.

D. "**Matthews Customer**" shall mean any current, prospective or former customer of Matthews.

E. "**Business Activities**" means all aspects of your association with Matthews, including documents you have created, maintained, seen, reviewed or obtained as an agent of Matthews; files, memoranda, correspondence, and other documents which you had access to at Matthews; date books, calendars, appointment lists, call reports, telephone records (including cell phone and personal phones, to the extent used for Matthews' business), logs or notes, time records, diaries, work reports, expenses incurred by you on behalf of Matthews, including but not limited to expense statements; and notes, minutes, participant lists, agendas or other documents regarding meetings, conference calls or the like at which you were present.

F. "**Any**" shall be understood to encompass "**all**."

G. The conjunction "**and**" shall include the disjunctive "**or**" and vice versa.

H. "**Person**" shall mean any natural person or business organization.

I. "**Document**" or "**documents**" shall have the full meaning as set forth in the Federal Rules of Civil Procedure and includes (but is not limited to) all electronically stored, written, typewritten, handwritten, recorded or printed matter of any kind, including the originals and all non–identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise, including without limitation:  minutes and/or other

records of meetings, agendas, bills, contracts, leases, assignments, agreements, contracts, summaries of negotiations, account books, orders, invoices, statements, bills, checks, accounting records, vouchers, summaries, diaries, forecasts, studies, drawings, graphs, charts, reports and/or summaries of investigations or reports, strategic or business plans or summaries, brochures, pamphlets, publications, circulars, advertisements, trade letters, press releases, statements of policy, correspondence, letters, electronic mail, telegrams, interoffice and intraoffice communications, offers, notations of any sort of conversations, appointment books or calendars, teletypes, telefax, thermafax, confirmations, computer files, printouts of computer files, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed); all drafts, alterations, modifications, changes and amendments of any of the foregoing; all graphic or manual records or representations of any kind, including without limitation, photographs, microfiche, microfilm, video tape, records, motion pictures, and electronic, mechanical or electric records or representations of any kind, including without limitation, tapes, cassettes, disks, magnetic cards, and recordings; and all other similar material which is in your possession, custody or control.  Without limiting the term "control" as used in the preceding sentence, a document shall be deemed to be within your control, regardless of its physical location, if you have the right to secure the document or a copy thereof from another person or entity, either public or private, including, but not limited to, your legal counsel, having actual possession thereof.

      J.      "**All documents**" shall mean every document, whether an original or copy, as above defined, and every such document or writing which can be located or discovered by reasonably diligent efforts.

K.     "**Refer**," "**relate**," "**reflect**," "**regard**," "**refer to**," "**relate to**," "**relating to**," and "**concerning**" (or forms thereof) shall mean directly or indirectly, in whole or in part, connected with, commenting on, relevant to, impinging or impacting upon, affecting, responding to, showing, describing, representing, supporting, contradicting, stating, mentioning, showing, evaluating, recording, noting, analyzing, or constituting.

L.     "**Identify**" and "**identification**" shall mean, when used in reference to:

(a)   <u>A natural person</u>:  his or her full name; home address; business address; home and business telephone number; present or last known position, job description, and the identity of his or her business affiliation; his or her position, job description, and the identity of his or her business affiliation at the time and in the context in which he or she is identified; and the relationship, business or otherwise, between such person and yourself.

(b)   <u>A company, corporation, association, partnership, or legal entity other than a natural person</u>:  its full name; a description of the type of organization or entity; the address and telephone number of its principal place of business; the jurisdiction of incorporation or organization; the date of its incorporation or organization; and the identity of each natural person acting on behalf of the entity at the time and in the context in which the entity is identified.

(c)   <u>A document</u>:  its description (i.e., letter, memorandum, report, etc.); its title; its date; the number of pages thereof; its subject matter; the identity of its author(s), creator(s), originator(s), signer(s), and any person(s) who participated in its preparation; the identity of its addressee(s) or recipient(s); the identity of each person to whom copies were sent and each person by whom copies were received; its present location; and the identity of its custodian(s).  If any such document was, but is no longer in your possession or control, state what disposition was made of it and when.

(d)   <u>A communication</u>:  the type and/or mode of the communication; the date and time when it occurred; the place where it occurred; the complete substance of the communication; the identity of each person to whom such communication was made, by whom such communication was made, and who was present when such communication was made; and the identity of all documents memorializing, referring, or relating in any way to the communication or its subject matter.

4

(e) <u>An assertive action</u>: the date and time when it occurred; the place where it occurred; a detailed description of the action; the identity of each person taking and/or witnessing such action; and the identity of all documents memorializing, referring, or relating in any way to the subject matter of the action.

## GENERAL INSTRUCTIONS

A. Answers to these Interrogatories should include information known to you as "you" is defined above, or ascertainable by you upon reasonable inquiry. If an answer cannot be provided to any particular Interrogatory, identify any individual or entity that might have knowledge, and any material which is believed to be relevant to the answer sought.

B. If any Interrogatory seeks information of which you are not certain, such as a precise value, amount, or date, an approximate value, amount, or date should be provided with a notation that the value, amount, or date is an approximate only.

C. To the extent that an objection is raised to any Interrogatory herein, whether in whole or in part, respond to as much of the Interrogatory as to which no objection is asserted. With respect to the portion of the Interrogatory to which an objection is asserted, state with specificity the basis for the objection and indicate whether the information requested is contained in any documents. Such documents are to be identified.

D. With respect to any communication that is claimed to be privileged or otherwise protected from discovery, identify the communication, including its date, authors, recipients, location, all participants, and general subject matter, but not its substance; state the privilege or other protection from discovery allegedly involved; and state any factual and/or legal basis for the assertion of the privilege or the protection from discovery.

E. These Interrogatories are continuing in nature. In the event that any information comes to your attention after serving responses to these Interrogatories, which information is

responsive to any request for discovery above or which would change or alter in any way your answers to the above Interrogatories, and which was not included in your answers to the Interrogatories above, such additional information shall be furnished to counsel for Matthews as soon as possible without any further request by Matthews.

## INTERROGATORIES

1. Describe in detail how you came to establish Trident, including when you started considering the possibility of establishing Trident, who you reached out to or made contact with regarding such establishment, any other individuals who took any part in the process of establishing Trident, how you funded its establishment, where the resources came from to support its establishment, and who else is employed or otherwise engaged by Trident.

**ANSWER:**


2. Explain the terms of your relationship with Trident and/or any other entity or person that directly or indirectly competes with Matthews for which you have performed any work or entered into any engagement, other than Matthews, since August 1, 2021, including the terms of any engagement (such as your employment status, base salary, incentive compensation, equity, benefits, etc.).

**ANSWER:**


3. Describe in detail your job title and job duties for Trident or any other entity by whom you are engaged since August 1, 2021 (other than Matthews).

**ANSWER:**

4.      Describe in detail any work you have performed for or on behalf of Trident and/or any other entity or person (other than Matthews) since August 1, 2021.

**ANSWER:**


5.      Describe in detail any communications between you and Trident or any of its representatives regarding Matthews, any Matthews Customer, Matthews' Company Business (as defined in the Verified Complaint) and/or your contractual obligations to Matthews, including the identity of the individual with whom you communicated, the dates on which such communications occurred, who initiated the communications, and the method of communication (i.e., email, telephone, in writing, in person, etc.).

**ANSWER:**


6.      Describe in detail all efforts undertaken by you or others at Trident to inform any Matthews Customer of your affiliation with Trident and/or your departure from Matthews, including (but not limited to) when and how such efforts were undertaken, what was said, and to whom.

**ANSWER:**


7.      Identify each Matthews Customer with whom you have communicated (other than on behalf of Matthews) since August 1, 2021 including the name of the individual, the method(s) of communication(s), who initiated the communication(s), the date(s) of the communication(s) and the content of such communication(s).

**ANSWER:**

8. Identify each individual or entity for whom you have performed any work on behalf of Trident in any capacity whatsoever and provide a description of the work you have performed, the date(s) you performed such work, and fee charged and/or received for the work performed.

**ANSWER:**

9. Identify any messaging service, email account and/or social media account (such as Jabber, Slack, LinkedIn, Facebook, MySpace, SnapChat, Twitter, Instagram, TikTok, etc.) that you have used for any business purpose since August 1, 2021.

**ANSWER:**

10. Identify any device (including any computer, tablet, smart phone, pager or other electronic device) that you have used for any business purpose since August 1, 2021.

**ANSWER:**

11. Identify any removable storage device, hard drive and/or cloud-based storage account that you have used for any business purpose since August 1, 2021.

**ANSWER:**

12. Identify any device or account that you have used to access, store, or view Matthews Confidential Information and Trade Secrets (as defined in the Verified Complaint).

**ANSWER:**

13. Identify any documents, electronically stored information or other property belonging to or originating from Matthews that you possessed, accessed, used or otherwise called upon (a) in your work for Trident or (b) otherwise since your separation from Matthews.

**ANSWER:**

14. Identify each person and/or entity with whom you have had any communications in preparation for, in relation to or regarding your separation from Matthews, including the name(s) of the individual with whom you have had the communication(s), the date(s) of the communication(s), the method of the communication(s), the purpose of the communication(s) and a description of the contents of such communication(s).

**ANSWER:**

15. If you are a party to any agreement, contract, or arrangement with a third person, firm or entity to defend or indemnify against this or any action brought against you by Matthews, please set forth the date and time when, and the place where, the agreement, arrangement, relationship or contract was made; the name and address of the entity and/or the person with whom you made that type of agreement, contract or arrangement; the name of each person who acted on behalf of the respective parties to the agreement or otherwise participated in the

negotiation of the agreement; and if oral, the exact statements constituting the agreement, contract, arrangement or relationship, or, if unavailable, the full substance thereof.

**ANSWER:**


Dated:  April 28, 2023                                Respectfully submitted,

                                                      BUCHANAN INGERSOLL & ROONEY PC


                                                      By: */s/ Erin J. McLaughlin*
                                                      Erin J. McLaughlin *(PA 202044)*
                                                      erin.mclaughlin@bipc.com
                                                      Jaime S. Tuite *(PA 87566)*
                                                      jaime.tuite@bipc.com
                                                      Nicholas J. Bell *(PA 307782)*
                                                      nicholas.bell@bipc.com
                                                      Union Trust Building
                                                      501 Grant Street, Suite 200
                                                      Pittsburgh, PA 15219-1410
                                                      Phone:     (412) 562-8800
                                                      Facsimile:  (412) 562-1041

                                                      *Attorneys for Plaintiff Matthews International Corporation*