# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEWS INTERNATIONAL CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 2:23-cv-00704-WSS ) |
| RICHARD BELCOURT and TRIDENT RECYCLING AND REFINING LLC D/B/A TRIDENT RECYCLING, REFINING & REFRACTORY REPAIR, LLC, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**
**DIRECTED TO TRIDENT RECYCLING AND REFINING LLC**

Matthews International Corporation ("Matthews"), by and through its undersigned counsel, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby propounds Plaintiff's First Set of Interrogatories to Trident Recycling and Refining LLC d/b/a Trident Recycling, Refining & Refractory Repair, LLC ("Trident"). Plaintiff requests that Trident answer the same in the manner prescribed by the Federal Rules of Civil Procedure, and within the time permitted by those Rules or any Order of Court expediting discovery in this matter.

**DEFINITIONS**

A. "**You**," "**your**," and "**Trident**" shall refer to Defendant Trident Recycling and Refining LLC d/b/a Trident Recycling, Refining & Refractory Repair, LLC and any person, agent, or entity acting, or purporting to act, on its behalf.

B. "**Belcourt**" shall refer to Defendant Richard Belcourt and any person or entity acting or purporting to act at his request, on his behalf or under his direction or control.

  C. "**Matthews**" shall refer to Plaintiff Matthews International Corporation and any person, agent or entity acting, or purporting to act, on its behalf.

  D. "**Any**" shall be understood to encompass "**all**."

  E. The conjunction "**and**" shall include the disjunctive "**or**" and vice versa.

  F. "**Person**" shall mean any natural person or business organization.

  G. "**Document**" or "**documents**" shall have the full meaning as set forth in the Federal Rules of Civil Procedure and includes (but is not limited to) all electronically stored, written, typewritten, handwritten, recorded or printed matter of any kind, including the originals and all non–identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise, including without limitation: minutes and/or other records of meetings, agendas, bills, contracts, leases, assignments, agreements, contracts, summaries of negotiations, account books, orders, invoices, statements, bills, checks, accounting records, vouchers, summaries, diaries, forecasts, studies, drawings, graphs, charts, reports and/or summaries of investigations or reports, strategic or business plans or summaries, brochures, pamphlets, publications, circulars, advertisements, trade letters, press releases, statements of policy, correspondence, letters, electronic mail, telegrams, interoffice and intraoffice communications, offers, notations of any sort of conversations, appointment books or calendars, teletypes, telefax, thermafax, confirmations, computer files, printouts of computer files, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed); all drafts, alterations, modifications, changes and amendments of any of the foregoing; all graphic or manual records or representations of any kind, including without limitation, photographs, microfiche, microfilm, video tape, records, motion pictures, and electronic, mechanical or electric records or representations of any kind, including without

limitation, tapes, cassettes, disks, magnetic cards, and recordings; and all other similar material which is in your possession, custody or control. Without limiting the term "control" as used in the preceding sentence, a document shall be deemed to be within your control, regardless of its physical location, if you have the right to secure the document or a copy thereof from another person or entity, either public or private, including, but not limited to, your legal counsel, having actual possession thereof.

      H.    "**All documents**" shall mean every document, whether an original or copy, as above defined, and every such document or writing which can be located or discovered by reasonably diligent efforts.

      I.    "**Refer**," "**relate**," "**reflect**," "**regard**," "**refer to**," "**relate to**," "**relating to**," and "**concerning**" (or forms thereof) shall mean directly or indirectly, in whole or in part, connected with, commenting on, relevant to, impinging or impacting upon, affecting, responding to, showing, describing, representing, supporting, contradicting, stating, mentioning, showing, evaluating, recording, noting, analyzing, or constituting.

      J.    "**Identify**" and "**identification**" shall mean, when used in reference to:

        (a)    <u>A natural person</u>:  his or her full name; home address; business address; home and business telephone number; present or last known position, job description, and the identity of his or her business affiliation; his or her position, job description, and the identity of his or her business affiliation at the time and in the context in which he or she is identified; and the relationship, business or otherwise, between such person and yourself.

        (b)    <u>A company, corporation, association, partnership, or legal entity other than a natural person</u>:  its full name; a description of the type of organization or entity; the address and telephone number of its principal place of business; the jurisdiction of incorporation or organization; the date of its incorporation or organization; and the identity of each natural person acting on behalf of the entity at the time and in the context in which the entity is identified.

(c) <u>A document</u>: its description (i.e., letter, memorandum, report, etc.); its title; its date; the number of pages thereof; its subject matter; the identity of its author(s), creator(s), originator(s), signer(s), and any person(s) who participated in its preparation; the identity of its addressee(s) or recipient(s); the identity of each person to whom copies were sent and each person by whom copies were received; its present location; and the identity of its custodian(s). If any such document was, but is no longer in your possession or control, state what disposition was made of it and when.

(d) <u>A communication</u>: the type and/or mode of the communication; the date and time when it occurred; the place where it occurred; the complete substance of the communication; the identity of each person to whom such communication was made, by whom such communication was made, and who was present when such communication was made; and the identity of all documents memorializing, referring, or relating in any way to the communication or its subject matter.

(e) <u>An assertive action</u>: the date and time when it occurred; the place where it occurred; a detailed description of the action; the identity of each person taking and/or witnessing such action; and the identity of all documents memorializing, referring, or relating in any way to the subject matter of the action.

## **GENERAL INSTRUCTIONS**

A. Answers to these Interrogatories should include information known to you as "you" is defined above, or ascertainable by you upon reasonable inquiry. If an answer cannot be provided to any particular Interrogatory, identify any individual or entity that might have knowledge, and any material which is believed to be relevant to the answer sought.

B. If any Interrogatory seeks information of which you are not certain, such as a precise value, amount, or date, an approximate value, amount, or date should be provided with a notation that the value, amount, or date is an approximate only.

C. To the extent that an objection is raised to any Interrogatory herein, whether in whole or in part, respond to as much of the Interrogatory as to which no objection is asserted. With respect to the portion of the Interrogatory to which an objection is asserted, state with

specificity the basis for the objection and indicate whether the information requested is contained in any documents. Such documents are to be identified.

D. With respect to any communication that is claimed to be privileged or otherwise protected from discovery, identify the communication, including its date, authors, recipients, location, all participants, and general subject matter, but not its substance; state the privilege or other protection from discovery allegedly involved; and state any factual and/or legal basis for the assertion of the privilege or the protection from discovery.

E. These Interrogatories are continuing in nature. In the event that any information comes to your attention after serving responses to these Interrogatories, which information is responsive to any request for discovery above or which would change or alter in any way your answers to the above Interrogatories, and which was not included in your answers to the Interrogatories above, such additional information shall be furnished to counsel for Matthews as soon as possible without any further request by Matthews.

## INTERROGATORIES

1. Describe the terms of your relationship with Belcourt, including hire date, start date, compensation, benefits, contractual terms, agreements, etc.

**ANSWER:**


2. Identify all employees and/or independent contractors who have been employed at or engaged with Trident since its inception.

**ANSWER:**


3. Identify all owners, members, partners and investors in Trident since its inception.

**ANSWER:**


4. Describe the work Belcourt has performed or will perform for Trident, including any business unit, product and/or service, geographic region, territory, customer, job or area of responsibility that has been or will be assigned to Belcourt.

**ANSWER:**


5. Identify all categories of Confidential Information and Trade Secrets (as that term is defined in the Verified Complaint) that are in your possession, have been used on your behalf, and/or are or have been in the possession of or accessible to any of your employees.

**ANSWER:**

6. Has Trident agreed to defend or indemnify Belcourt against any costs or losses he incurs as a result of this action, and if so, briefly identify who made that agreement on behalf of Trident, describe the terms of the agreement, and set forth the date and the place where such agreement, contract, or arrangement was made.

**ANSWER:**

7. Set forth the date and amounts of all compensation and/or benefits you have paid or owe to Belcourt.

**ANSWER:**

8. Identify each and every individual or entity Trident has contacted or communicated with for business purposes, including the name of the individuals involved in the communication, the method(s) of communication(s), who initiated the communication(s), the date(s) of the communication(s) and the content of such communication(s).

**ANSWER:**

9. Describe in detail all efforts to inform any person or entity of Belcourt's affiliation with Trident and/or Belcourt's departure from Matthews, including (but not limited to) when and how such efforts were undertaken, what was said, and to whom.

**ANSWER:**

10. Identify each customer for which Trident performed work or to which Trident has provided a proposal, including the name of the customer, a description of the work performed or

the proposal was submitted, the date(s) on which the work was performed or the proposal was submitted, the amounts invoiced or value of the work proposed and the identification of all documents related to the work performed or the proposal submitted.

**ANSWER:**


11. Describe any discussions or communications you have had about Belcourt's Covenant Agreements (as defined in the Verified Complaint) and post-employment obligations to Matthews. Your response should include the date(s), content of, and parties involved in such discussions.

**ANSWER:**


12. Identify any cloud-based storage, email, messaging or social networking account assigned to or used by Belcourt in his work for Trident.

**ANSWER:**


13. Identify any device (including any computer, smart phone, removable storage device, removable hard drive, etc.) assigned to or used by Belcourt in his work for Trident.

**ANSWER:**


Dated:  April 28, 2023                         Respectfully submitted,

                                               BUCHANAN INGERSOLL & ROONEY PC

                                               By: */s/ Erin J. McLaughlin*
                                               Erin J. McLaughlin *(PA 202044)*
                                               erin.mclaughlin@bipc.com

Jaime S. Tuite *(PA 87566)*
jaime.tuite@bipc.com
Nicholas J. Bell *(PA 307782)*
nicholas.bell@bipc.com
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219-1410
Phone:      (412) 562-8800
Facsimile:  (412) 562-1041

*Attorneys for Plaintiff Matthews International Corporation*