# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MATTHEWS INTERNATIONAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD BELCOURT and TRIDENT RECYCLING AND REFINING LLC D/B/A TRIDENT RECYCLING, REFINING & REFRACTORY REPAIR, LLC,<br><br>Defendants. | ) | No. 2:23-cv-00704-WSS |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, SOFTWARE AND THINGS DIRECTED TO TRIDENT RECYCLING AND REFINING LLC**

Matthews International Corporation ("Matthews"), by and through its undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby propounds Plaintiff's First Request for Production to Trident Recycling and Refining LLC d/b/a Trident Recycling, Refining & Refractory Repair, LLC ("Trident"). Plaintiff requests that Trident answer the same in the manner prescribed by the Federal Rules of Civil Procedure, and within the time permitted by those Rules or any Order of Court expediting discovery in this matter.

**DEFINITIONS**

A. "**You**," "**your**," and "**Trident**" shall refer to Defendant Trident Recycling and Refining LLC d/b/a Trident Recycling, Refining & Refractory Repair, LLC and any person, agent, or entity acting, or purporting to act, on its behalf.

B. "**Belcourt**" shall refer to Defendant Richard Belcourt and any person or entity acting or purporting to act at his request, on his behalf or under his direction or control.

      C.      "**Matthews**" shall refer to Plaintiff Matthews International Corporation, and any person, agent or entity acting, or purporting to act, on its behalf.

      D.      "**Any**" shall be understood to encompass "**all**."

      E.      The conjunction "**and**" shall include the disjunctive "**or**" and vice versa.

      F.      "**Person**" shall mean any natural person or business organization.

      G.      "**Documents**" shall have the full meaning as set forth in the Federal Rules of Civil Procedure and includes (but is not limited to) all electronically stored, written, typewritten, handwritten, recorded or printed matter of any kind, including the originals and all non–identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise, including without limitation: minutes and/or other records of meetings, agendas, bills, contracts, leases, assignments, agreements, contracts, summaries of negotiations, account books, orders, invoices, statements, bills, checks, accounting records, vouchers, summaries, diaries, forecasts, studies, drawings, graphs, charts, reports and/or summaries of investigations or reports, strategic or business plans or summaries, brochures, pamphlets, publications, circulars, advertisements, trade letters, press releases, statements of policy, correspondence, letters, electronic mail, telegrams, interoffice and intraoffice communications, offers, notations of any sort of conversations, appointment books or calendars, teletypes, telefax, thermafax, confirmations, computer files, printouts of computer files, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed); all drafts, alterations, modifications, changes and amendments of any of the foregoing; all graphic or manual records or representations of any kind, including without limitation, photographs, microfiche, microfilm, video tape, records, motion pictures, and electronic, mechanical or electric records or representations of any kind, including without limitation, tapes, cassettes,

disks, magnetic cards, and recordings; and all other similar material which is in your possession, custody or control. Without limiting the term "control" as used in the preceding sentence, a document shall be deemed to be within your control, regardless of its physical location, if you have the right to secure the document or a copy thereof from another person or entity, either public or private, including, but not limited to, your legal counsel, having actual possession thereof.

H. "**All Documents**" shall mean every document, whether an original or copy, as above defined, and every such document or writing which can be located or discovered by reasonably diligent efforts.

I. "**Refer**," "**relate**," "**reflect**," "**regard**," "**refer to**," "**relate to**," "**relating to**," and "**concerning**" (or forms thereof) shall mean directly or indirectly, in whole or in part, connected with, commenting on, relevant to, impinging or impacting upon, affecting, responding to, showing, describing, representing, supporting, contradicting, stating, mentioning, showing, evaluating, recording, noting, analyzing, or constituting.

J. "**Identify**" and "**identification**" shall mean, when used in reference to:

(a) A natural person: his or her full name; home address; business address; home and business telephone number; present or last known position, job description, and the identity of his or her business affiliation; his or her position, job description, and the identity of his or her business affiliation at the time and in the context in which he or she is identified; and the relationship, business or otherwise, between such person and yourself.

(b) A company, corporation, association, partnership, or legal entity other than a natural person: its full name; a description of the type of organization or entity; the address and telephone number of its principal place of business; the jurisdiction of incorporation or organization; the date of its incorporation or organization; and the identity of each natural person acting on behalf of the entity at the time and in the context in which the entity is identified.

(c) A document: its description (i.e., letter, memorandum, report, etc.); its title; its date; the number of pages thereof; its subject matter; the identity of its author(s), creator(s), originator(s), signer(s), and any person(s) who participated in its preparation; the identity of its addressee(s) or recipient(s); the identity of each person to whom copies were sent and each person by whom copies were received; its present location; and the identity of its custodian(s). If any such document was, but is no longer in your possession or control, state what disposition was made of it and when.

(d) A communication: the type and/or mode of the communication; the date and time when it occurred; the place where it occurred; the complete substance of the communication; the identity of each person to whom such communication was made, by whom such communication was made, and who was present when such communication was made; and the identity of all documents memorializing, referring, or relating in any way to the communication or its subject matter.

(e) An assertive action: the date and time when it occurred; the place where it occurred; a detailed description of the action; the identity of each person taking and/or witnessing such action; and the identity of all documents memorializing, referring, or relating in any way to the subject matter of the action.

## GENERAL INSTRUCTIONS

A. Responses to these Requests should include all information known to you as "you" is defined above, or ascertainable by you upon reasonable inquiry. If a response cannot be provided to any particular Request, then identify any individual or entity who might have knowledge, and any material which is believed to be relevant to the information sought.

B. To the extent that an objection is raised to any Request herein, whether in whole or in part, respond to as much of the Request as to which no objection is asserted. With respect to the portion of the Request to which an objection is asserted, state with specificity the basis for the objection.

C. With respect to any document that is claimed to be privileged or otherwise protected from discovery, identify the document, including its date, author(s), recipient(s), and general subject matter, but not its substance; state the privilege or other protection from

discovery allegedly involved; and state any factual and/or legal basis for the assertion of the privilege or the protection from discovery.

D. These Requests are continuing in nature. In the event that any information comes to your attention after you serve responses to these Requests, which information is responsive to any request for discovery above or which would change or alter in any way the response to the above Requests, and which was not included in the responses to the above Requests, such additional materials or information shall be furnished to counsel for Matthews as soon as possible without any further request by Matthews.

## REQUESTS FOR PRODUCTION

1. All Documents identified in, or to which you referred or relied upon when answering Plaintiff's First Set of Interrogatories directed to you.

2. All Documents relating to the establishment, organization or registration of Trident.

3. All offers, contracts, engagement letters, term sheets, and drafts thereof that Trident has with or has proposed to Belcourt or any other individual.

4. All Documents memorializing, regarding or in any way relating to Belcourt has had with any customer or prospective customer on behalf of Trident.

5. All Matthews property (including Documents) in Trident's possession.

6. All Documents memorializing, regarding or in any way relating to communications you have had with Belcourt concerning Matthews, Belcourt's Covenant Agreements (as defined in the Verified Complaint), Matthews' customers, prospective

customers, or Matthews' business practices, including but not limited to its enforcement of its employment agreements.

7. All Documents that relate in any way or describe Belcourt's job duties with Trident, including any job description, goals, objectives, or performance criteria.

8. All Documents regarding, relating to, or reflecting any employment or other responsibilities or other services Belcourt has provided to or on behalf of Trident or any other competing entity.

9. All Documents that relate in any way to or describe the geographic territory, business units, industries, or projects to which Belcourt has been assigned, or expect to be assigned, by Trident.

10. All Documents that relate in any way or describe the organizational structure of Trident, including (but not limited to) the names and positions of employees to whom Belcourt reports and any employees who report to him.

11. Copies of all invoices and expense reports related to any work performed by Trident.

12. All Documents memorializing, regarding or in any way relating to communications Trident and any third party (including Belcourt), in any way relating to or regarding the recruitment, solicitation, or attempts to obtain business from any person or entity.

13. All Documents reflecting Belcourt's work for Trident since the commencement of his employment or engagement with Trident.

14. All Documents that refer in any way to the services Trident offers relating to crematory equipment and supplies and/or crematory services and operations.

15. All Documents regarding or relating to any agreement, contract, or arrangement between Trident and Belcourt to defend or indemnify against this or any action brought against you and/or Belcourt by Matthews.

16. All Documents reflecting any monies paid to Trident for work performed or to be performed.

17. All Documents reflecting or relating to any compensation paid by Trident to Belcourt.

18. All Documents which reflect communications any person or representative of Trident has had with any person regarding the Covenant Agreements (as defined in the Verified Complaint) or the enforceability of Matthews' restrictive covenants.

19. All Documents that refer to or reflect any worked performed by Trident since August 1, 2021.

20. A forensic image of the hard drive of each computer, tablet or other device Belcourt has been assigned by Trident or that Belcourt has used in his work for Trident.

21. A forensic copy of any .pst file Belcourt has been assigned by Trident or that Belcourt has used in his work for Trident.

22. All Documents you intend to use at hearings or the trial of this matter.

Dated: April 28, 2023

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC

By: */s/ Erin J. McLaughlin*
Erin J. McLaughlin *(PA 202044)*
erin.mclaughlin@bipc.com
Jaime S. Tuite *(PA 87566)*
jaime.tuite@bipc.com
Nicholas J. Bell *(PA 307782)*
nicholas.bell@bipc.com

Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219-1410
Phone: (412) 562-8800
Facsimile: (412) 562-1041

*Attorneys for Plaintiff Matthews International Corporation*