# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MATTHEWS INTERNATIONAL       )
CORPORATION,                 )
                             )
            Plaintiff,        )
                             )        No. 2:23-cv-00704-WSS
        v.                   )
                             )
RICHARD BELCOURT and TRIDENT )
RECYCLING AND REFINING LLC   )
D/B/A TRIDENT RECYCLING,     )
REFINING & REFRACTORY REPAIR, )
LLC,                         )
                             )
            Defendants.       )

**NOTICE OF VIDEOTAPED DEPOSITION OF**
**CORPORATE DESIGNEE OF TRIDENT RECYCLING**
**AND REFINING LLCPURSUANT TO FED. R. CIV. P. 30(b)(6)**

**PLEASE TAKE NOTICE** that counsel for Plaintiff, Matthews International

Corporation ("Matthews"), pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure,

will take the testimony upon oral examination, before a certified court reporter, of the duly

designated representative(s) of Trident Recycling and Refining LLC d/b/a Trident Recycling,

Refining & Refractory Repair, LLC.  The deposition will take place **in person at the Pittsburgh**

**offices of Buchanan Ingersoll & Rooney PC, Union Trust Building, Suite 200, 501 Grant**

**Street Pittsburgh, Pennsylvania 15219** at a time mutually agreeable to the parties, but in no

event later than five (5) days before the Preliminary Injunction hearing to be scheduled by the

Court.

The matters for examination are listed on Exhibit A.  The deposition will be recorded by

stenographic and videotaped means and will be taken for all purposes allowed by the Federal

Rules of Civil Procedure.  The deposition will continue from day to day until completed or adjourned.

Dated:  April 28, 2023

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC

By: */s/ Erin J. McLaughlin*
Erin J. McLaughlin *(PA 202044)*
erin.mclaughlin@bipc.com
Jaime S. Tuite *(PA 87566)*
jaime.tuite@bipc.com
Nicholas J. Bell *(PA 307782)*
nicholas.bell@bipc.com
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219-1410
Phone:      (412) 562-8800
Facsimile:  (412) 562-1041

*Attorneys for Plaintiff Matthews International Corporation*

## EXHIBIT A

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Trident Recycling and Refining LLC d/b/a Trident Recycling, Refining & Refractory Repair, LLC ("Trident") shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf and have knowledge with respect to the following matters:

1. The relationship between Trident and Richard Belcourt ("Belcourt"), including, but not limited to, the terms and conditions of any applicable employment agreement, shareholder agreement, confidentiality agreement, nondisclosure agreement, trade secret agreement, and/or restrictive covenant agreement;

2. Trident's business (including services and products offered);

3. Trident's plans to offer or provide cremetory-related services;

4. The scope of Trident's cremetory manufacturing, installation, and related services business;

5. Trident's customers in its cremetory manufacturing, installation and related services business;

6. Trident's trade secrets as they relate to its cremetory manufacturing, installation and related services business;

7. Steps Trident takes to protect its trade secrets;

8. Belcourt's relationship with and/or establishment of Trident;

9. Belcourt's job duties and responsibilities throughout his employment with Trident;

10. Work Belcourt has performed on Trident's behalf;

11. Work performed or products provided or offered for sale by Trident to any third party;

12. Communications with and work performed for any customer with a Matthews' cremator;

13. Trident's knowledge of any agreements Belcourt had with Matthews;

14. Trident's knowledge of any obligations Belcourt owed or continues to owe to Matthews by virtue of his employment with Matthews;

15. Any opinions Trident received on the enforceability of Belcourt's post-employment obligations to Matthews;

16.    Trident's knowledge, understanding, and use of Matthews' Confidential Information and Trade Secrets (as defined in the Verified Complaint), including the documents specifically referenced in the Verified Complaint that Belcourt accessed and/or saved to another personal device before and following the termination of his employment with Matthews;

17.    Trident's knowledge of Belcourt's retention or use of Matthews' Confidential Information and Trade Secrets (as defined in the Verified Complaint) following his separation of employment with Matthews;

18.    Matthews' information and documents in Trident's possession, custody, or control;

19.    Matthews' information or documents shared with Trident by Belcourt or any other current or former employee of Matthews;

20.    Actions Trident took in response to the cease and desist letter referenced in the Verified Complaint;

21.    The averments in the Verified Complaint;

22.    Trident's Answer to the Verified Complaint;

23.    Trident's responses to Matthews' First Set of Interrogatories and Requests for Production of Documents; and

24.    Any indemnification arrangement that would be applicable to this lawsuit.