*FOR SETTLEMENT DISCUSSIONS – SUBJECT TO RULE 408*
*RESERVATION OF ALL RIGHTS GIVEN MANY UNKNOWNS*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEWS INTERNATIONAL CORPORATION, | )<br>)<br>) |
| Plaintiff, | )<br>) No. 2:23-cv-00704-WSS |
| v. | )<br>) Honorable William Stickman |
| RICHARD BELCOURT and TRIDENT RECYCLING AND REFINING LLC D/B/A TRIDENT RECYCLING, REFINING & REFRACTORY REPAIR, LLC, | )<br>) *Electronically Filed*<br>)<br>)<br>)<br>) |
| Defendants. | ) |

### STIPULATED PERMANENT INJUNCTION AND FINAL ORDER

Pursuant to Fed. R. Civ. P. 65, Plaintiffs Matthews International Corporation ("Matthews") and Richard Belcourt ("Belcourt") and Trident Recycling and Refining LLC, d/b/a Trident Recycling Refining & Refractory ("Trident," together with "Belcourt, "Defendants") stipulate to the following Permanent Injunction Order ("Order") in order to resolve this matter, requiring: (a) Defendants to return all of Matthews' information, including, but not limited to, its Confidential Information and Trade Secrets,[1] (b) Belcourt to abide by his post-employment

---

[1] As described in the Verified Complaint, "Matthews granted [Belcourt] access to information, including but not limited to, *information concerning, past, present and prospective business contacts and customers,* such as customer contact information, purchase histories, preferences requirements, service methods and customer confidential information; *information relating to sales of products and services*, such as pricing strategies, marketing strategies, marketing information, branding, earnings and cost information, profitability, contracts, sales information, sales methods, and sales proposals; product and distribution information, such as formulas, materials, equipment, inventory, sources of supply and material specifications, operational information, and manufacturing information; *technical and operational information*, such as designs, dimensions, research, ideas, know-how, processes, inventions, patents, data/information

obligations, (c) Defendants to refrain from interfering with Plaintiff's contractual relationships with its customers and prospective customers, (e) Defendants to stop unfairly competing in the marketplace, and (f) a variety of safeguards to be in place for a period of two (2) years from the date of this Order, including quarterly verifications from Belcourt. While this proposed Order is filed by Matthews' counsel, it has been stipulated to by all parties. Specifically, the Court hereby orders the following:

A. **Return of all Matthews Property, including all Confidential Information and Trade Secrets through Forensic Search by bit-x-bit**

1. On or before May 23, 2023, Defendants shall deliver all of Belcourt's e-mail accounts, file storage accounts, or other similar accounts where Matthews data may be stored or located, as well as devices (including any used in doing business for Trident) to forensic vendor, bit-x-bit, for it to search for all of Mathews' property (data, information, Confidential Information and Trade Secrets) for purposes of (a) deleting it from Belcourt's accounts and devices, (b) informing Matthews of its property that was not returned, and (c) determining if any of Matthews' Confidential Information and Trade Secrets was disclosed to any third parties.

2. On or before May 23, 2023, Defendants shall provide to Matthews' counsel any other Matthews' property in their possession, including any hard copy documents.

---

management systems, computer programs, codes, systems and system improvements, software and software modifications; *business plans and information,* such as strategies concerning joint ventures, partnerships, mergers and acquisitions; and *internal Company information,* such as the business structure, business policies and practices, operating procedures, methods of doing business, work force and personnel information, work assignments, and capabilities of any Company officer or employee ("Confidential Information and Trade Secrets")." Doc. 1, Par. 28. For the avoidance of doubt, "Confidential Information and Trade Secrets" does not include publicly available information or information that is readily ascertainable.

3.  On or before May 23, 2023, Defendants shall provide to bit-x-bit the credentials for each e-mail account, file storage account, or other similar accounts where Matthews' data may be stored or located, that were provided to or identified by bit-x-bit.

4.  bit-x-bit will engage in forensic analysis and retrieve all of Matthews' property from such accounts and provide a listing of all the documents being removed by May 31, 2023.

5.  Belcourt shall at all times provide reasonable cooperation, without any unreasonable delay, for bit-x-bit to perform its work.

6.  Following forensic analysis and retrieval, on or before June 15, 2023, Belcourt, in his individual capacity and as the owner of Trident, shall provide Matthews with an affidavit verifying Defendants: (a) have returned all Matthews' property and information; (b) has not retained, used or disclosed to any other person or entity and of Plaintiff's Confidential Information and Trade Secrets, even in modified form; and (c) will not use, rely upon or disclose any of Plaintiffs' Confidential Information and Trade Secrets in any manner.

7.  For the avoidance of doubt, nothing contained in this Section A or its subparts shall preclude Defendants from offering recycling services to any persons or entities except for those persons or entities who Belcourt had previously performed any services on behalf of Matthews ("Matthews' Customers") in the two-year period preceding this Order.

**B. Protection of Plaintiffs' Confidential Information and Trade Secrets.**

8.  Belcourt is hereby permanently enjoined from and agrees not to misappropriate, disclose, use, or make available to any person or any entity any of Plaintiff's Confidential Information.

**C. Enforcement of Matthews' Covenant Agreements, including Protection of Matthews' Customer Relationships and Prospective Customer Relationships with which Belcourt Provided Services or Had Matthews' Confidential Information and Trade Secrets.**

9. Belcourt is hereby enjoined from and agrees that he shall not for a period of two (2) years from the date of this Order ("Restricted Period"):

(i) violate any of the obligations in his August 17, 2009 Agreement ("First Covenant Agreement") and his Confidentiality, Non-Solicitation, Non-Competition, and Intellectual Property Agreement dated March 19, 2020 ("Second Covenant Agreement"), which are attached as Exhibits 1 and 2 to the Verified Complaint (Doc. 1), respectively and are collectively referred to as Belcourt's "Covenant Agreements."

(ii) have direct or indirect contact with any customers that Belcourt performed work for during his employment with Matthews for any purposes that conflict with his Covenant Agreements;

(iii) encourage any of Matthews' customers to cease doing business with Matthews, or to curtail its business with Plaintiffs, or to do business with a competitor of Matthews, or not to commence doing business with Matthews; and

(iv) engage in any conduct that has the purpose or effect of altering Matthews' contractual relationship with its customers and prospective customers for which Belcourt was involved on behalf of Matthews or about which Belcourt had access to Confidential Information and Trade Secrets, including, but not limited to, making any disparaging remarks about Matthews that may interfere with its business relationships.

(v) To the extent any conduct prohibited above occurs, inadvertently or otherwise, Belcourt shall report it immediately to Matthews' counsel.

(vi)    For the avoidance of doubt, during the Restricted Period, nothing contained in this Section C or its subparts shall preclude Defendants from offering recycling services to any persons or entities except for Matthews' Customers.

**D.  Verification of Belcourt Abiding by His Post-Employment Obligations to Plaintiffs.**

10.    At the start of each calendar quarter for the duration of this Order, Belcourt shall provide Plaintiff with a Declaration, subject to the penalties of perjury, that he has in fact abided by all of the obligations set forth herein.

**E.  Payment for Forensic Services and Fees and Other Amounts**

11.    Matthews shall pay for the fees and costs incurred by and invoiced to Matthews by bit-x-bit for all services provided to Matthews.

12.    Each party to pay its own costs and fees.

13.    This Order will be entered under Federal Rule of Civil Procedure 65 and will constitute the final judgment in this matter. All parties waive the right to appeal from this judgment.

14. This Court shall retain jurisdiction over this matter for the purpose of implementing and enforcing the Order. If Defendants violate the Order they may be subject to civil and criminal sanctions for contempt of court.

15. The Court hereby administratively closes this matter.

IT IS SO ORDERED ON THIS __18__ DAY OF MAY 2023.

BY THE COURT:

_____
United States District Judge